IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER ANTHONY MORRESI, <br><br> Plaintiff, <br><br> vs. <br><br> DOUGLAS COUNTY CORRECTIONAL CENTER, <br><br> Defendant. | 8:21CV357 <br><br> **MEMORANDUM AND ORDER** |

Plaintiff has been granted leave to proceed in forma pauperis, but has not yet filed an initial partial filing fee, as ordered on October 7, 2021. (Filing 8.) Nevertheless, Plaintiff has filed three Motions for Restraining Orders (Filings 9, 10, 11) against individuals who are not named as Defendants, but who may be linked to the behavior alleged in Plaintiff's Complaint.

The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Plaintiff's Motions. In *Dataphase*, the court, sitting *en banc*, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest. *Id.* at 114.

"No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. . . ." *Dataphase*, 640 F.2d at 113. The burden of proving that a preliminary injunction should be issued rests entirely with the movant. *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir.

1995). In the prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982).

Here, the court finds that the *Dataphase* factors do not favor Plaintiff to a degree sufficient to warrant issuance of preliminary injunctive relief. Plaintiff's Motions for Restraining Orders do not set forth any argument or evidence showing any probability that Plaintiff will succeed on the merits of the Complaint. Furthermore, Plaintiff has not filed an affidavit or verified complaint clearly showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," Fed. R. Civ. P. 65(b), as Plaintiff is required to do when requesting injunctive relief without notice to the Defendant. In light of this, and in consideration of all of the factors, the court sees no reason to "intervene to preserve the status quo until the merits are determined . . . ." *Dataphase*, 640 F.2d at 113.

Because Plaintiff's Motions for Restraining Orders are insufficient to carry Plaintiff's burden of establishing that the *Dataphase* factors support temporary injunctive relief, Plaintiff's Motions will be denied.

IT IS ORDERED that Plaintiff's Motions for Restraining Orders (Filings 9, 10, 11) are denied without prejudice.

DATED this 20th day of October, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

2