IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER ANTHONY MORRESI,　　　　　　　　　Plaintiff,　vs.　DOUGLAS COUNTY CORRECTIONAL CENTER,　　　　　　　　　Defendant. | 8:21CV357　**MEMORANDUM AND ORDER** |

Plaintiff filed a pro se Complaint (Filing 1) on September 13, 2021, at which time he was a pretrial detainee being held at the Douglas County Correctional Center ("DCCC").[1] Plaintiff has been granted leave to proceed in forma pauperis and has paid the required initial partial filing fee.

I. LEGAL STANDARDS ON INITIAL REVIEW

The Prison Litigation Reform Act ("PLRA") requires the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §

---

[1] Plaintiff is now a convicted prisoner in the custody of the Nebraska Department of Correctional Services. The court takes judicial notice that Plaintiff was convicted on October 8, 2021. *See State v. Morresi*, District Court of Douglas County, Nebraska, Case No. CR 21-1493. (Nebraska's judicial records may be retrieved online at https://www.nebraska.gov/justice.) The court also takes judicial notice that Plaintiff filed another action in federal district court on September 13, 2021, against a former DCCC correctional officer. *See Morresi v. Berg*, Case No. 8:21CV358 (D. Neb.). The court can take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it. *Id.*

1915A(a). On such initial review, the court must "dismiss the complaint, or any portion of the complaint," it determines "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Comparable language is contained in 28 U.S.C. § 1915(e)(2)(B) (applicable to IFP plaintiffs).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff alleges unknown staff members at DCCC used their knowledge of his confidential medical information, showing he is a transgender female who suffers

from anxiety, to verbally harass and threaten him over a 2-month period.[2] Plaintiff sues for violation of his rights under the Fourteenth Amendment rights and the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

### III. DISCUSSION

Because Plaintiff asserts his claim against DCCC, he fails to state a claim upon which relief may be granted. A county correctional facility is not a distinct legal entity subject to suit. *Willis v. Douglas Cty. Correction*, No. 8:21CV109, 2021 WL 4129303, at *1 (D. Neb. Sept. 9, 2021); *see Dan v. Douglas Cty. Dep't of Corr.*, No. 8:06CV714, 2009 WL 483837, at *4 (D. Neb. Feb. 25, 2009) ("the Department of Corrections and other units within the DCCC and Douglas County lack the legal capacity to sue or be sued in their own names"); *see also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit."). Accordingly, this action is subject to preservice dismissal.

Although Plaintiff's Complaint, as currently drafted, fails to state a claim upon which relief can be granted, the court will give Plaintiff leave to file an amended complaint in order to assert his claims against a proper defendant. There is no proper defendant for Plaintiff's HIPAA claim, because that Act does not create a private right of action as an underlying basis for a civil suit. *Trone Health Servs., Inc. v. Express Scripts Holding Co.,* 974 F.3d 845, 851 (8th Cir. 2020); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010). Violation of Plaintiff's constitutional rights may be redressable under 42 U.S.C. § 1983, as to which Douglas County would be a proper defendant in place of DCCC. The facts alleged in Plaintiff's Complaint, however, are not sufficient to state a plausible claim for relief against Douglas County. To prevail on a municipal liability claim under § 1983, a plaintiff must show that the alleged constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).[3]

---

[2] Because Plaintiff's pleadings do not indicate a different pronoun preference, the court will use the format of he/him/his.

[3] "Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to

Plaintiff's remedies may also be limited. The PLRA provides that "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act …." 42 U.S.C. § 1997e(e). The statute limits remedies for claims not involving physical injury to nominal damages and, where applicable, punitive damages, injunctive and declaratory relief. *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004). Moreover, Plaintiff's requests for declaratory and injunctive relief may be moot because he is no longer a prisoner at DCCC. *See, e.g., Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012) (per curiam) (holding that as to an inmate seeking injunctive relief based on a particular facility's policies, his claim became moot upon his transfer out of that facility "[b]ecause [he] is no longer subject to the policies that he challenges, [and] there is no live case or controversy"); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[A] prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions. Appellant is now imprisoned in [a different facility]. Thus, his claims for injunctive relief are moot. For the same reason, he does not have standing to seek declaratory relief." (citations omitted)).

Finally, Plaintiff has filed two motions. The first motion (Filing 14) requests that a list of individuals be received into evidence and kept confidential. The court

---

establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). "Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating '(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation.'" *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

will not receive any evidence at this time, but will direct the clerk to make Plaintiff's motion a restricted filing. The second motion (Filing 15) requests that this case be postponed until Plaintiff can retain an attorney and is no longer incarcerated. The court will not grant this open-ended request for a stay of proceedings.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and thus is subject to preservice dismissal under 28 U.S.C. §§ 1915(e) and 1915A. On its own motion, however, the court will give Plaintiff 30 days to file an amended complaint. Plaintiff's pending motions are denied.

IT IS THEREFORE ORDERED:

1. Plaintiff is granted leave to file an amended complaint within 30 days. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In the event Plaintiff files an amended complaint, failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event Plaintiff files an amended complaint.

4. **The Clerk of the Court is directed to set this pro se case management deadline:** February 22, 2022—amended complaint due.

5. Plaintiff's motion for receipt of evidence (Filing 14) is denied, but **the Clerk of the Court is directed to restrict access to Filing 14 to parties of record and court users**. *See* NECivR 5.3.

6. Plaintiff's motion to postpone (Filing 15) is denied.

7. The court must be kept informed of Plaintiff's current address at all times while this case is pending. Plaintiff's failure to keep the court so informed may result in dismissal of the case without further notice.

Dated this 20th day of January 2022.

                              BY THE COURT:

                              *Richard G. Kopf*
                              Richard G. Kopf
                              Senior United States District Judge