IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER ANTHONY MORRESI, | |
| Plaintiff, | **8:21CV357** |
| vs. | |
| DOUGLAS COUNTY CORRECTIONAL CENTER, | **MEMORANDUM AND ORDER** |
| Defendant. | |

After the court's initial review of Plaintiff's pro se Complaint on January 20, 2022, Plaintiff was granted leave to file an amended complaint within 30 days. The Plaintiff was warned that "[f]ailure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff." (Filing 18 at CM/ECF p. 5.) While Plaintiff thereafter filed a Notice of Change of Address on January 26, 2022, (Filing 19) and a Request to Indicate Different Pro-Noun and Name Preference on February 1, 2022, (Filing 20), Plaintiff failed to file an amended complaint, causing this case to be dismissed without prejudice for failure to prosecute this matter diligently and for failure to comply with this court's orders.[1] (Filing 21.) Judgment was entered accordingly on March 3, 2022. (Filing 22.)

More than three weeks after the date by which she was to file an amended complaint, Plaintiff filed a Motion to Move Forward with Proceedings (Filing 24).

---

[1] *See* Nebraska General Rule 1.3(g) ("Unless stated otherwise, parties who proceed pro se are bound by and must comply with all local and federal procedural rules.").

Construing Plaintiff's Motion as a Motion for Relief from Final Judgment under Fed. R. Civ. P. 60(b)[2], the court finds that Plaintiff has failed to provide any grounds on which the court may relieve her from the final judgment in this case.[3] Accordingly,

IT IS ORDERED that Plaintiff's Motion to Move Forward with Proceedings (Filing 24), construed as a Motion for Relief from Final Judgment under Fed. R. Civ. P. 60(b), is denied.

—————————————

[2] Under Rule 60(b), a court may grant a party relief from a final order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017).

[3] Plaintiff should note that because her dismissal was "without prejudice," she may file this action again. In crafting a new complaint, Plaintiff should keep in mind the applicable law cited in this court's initial review of Plaintiff's Complaint in this case (Filing 18).

DATED this 17th day of March, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge